United States District Court
District of South Carolina

| | |
|---|---|
| James Muhammad  *(aka James Muhammad Wright)*;   ) | C/A No. 3:06-0135-CMC-JRM |
| ) | |
| Plaintiff;   ) | |
| ) | |
| vs.   ) | **Report and Recommendation** |
| ) | |
| Francis B. Wright Sr. and Francis B. Wright, Jr.,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

The Plaintiff, James Muhammad (hereafter, the "Plaintiff"), proceeding *pro se,* seeks a recovery of damages for personal injury.  Under 28 U.S.C. §636(b)(1)(b), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

**BACKGROUND**

Plaintiff commenced this action on January 13, 2006, with a single sheet of paper.  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff  must at least present the court with complete declarative sentences in order for the court to ascertain his right to relief, if  any.  Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995).  See also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

On January 18, 2006, the undersigned filed an order directing Plaintiff to bring this action

into "proper form" by paying the filing fee of two hundred dollars ($250.00) or filing an application to proceed *in forma pauperis*. Plaintiff failed to respond to that order. On February 16, 2006, a second "proper form" order was sent. Plaintiff has failed to respond once more.

Pursuant to Rule 41(b) Fed. R. Civ. P., an action may be dismissed for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

## RECOMMENDATION

Based on the foregoing, it is recommended that the Complaint herein be dismissed without prejudice and without issuance of service of process. The Plaintiff's attention is directed to the notice on the next page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

March 20, 2006
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So</u>**

      The Plaintiff is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976).

      During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991).  <u>See also</u> <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), <u>cert. denied</u>, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

<u>Accord</u> <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

<u>See also</u> <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Plaintiff's objections lacked the specificity to trigger *de novo* review").

      **This notice apprises the Plaintiff of the consequences of a failure to file specific, written objections.**  See <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

                        **Larry W. Propes, Clerk
                        United States District Court
                        901 Richland Street
                        Columbia, South Carolina 29201**